IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Victor Folk, Plaintiff, v. Quintia Orr; Chancey Soloman; and Estill Police Department, Defendants. | C/A No.: 9:26-958-BHH-KDW<br><br>REPORT AND RECOMMENDATION |

Victor Folk ("Plaintiff"), proceeding pro se, filed this action alleging Defendants violated his civil rights. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the Amended Complaint.

I. Factual and Procedural Background

On April 24, 2026, the court issued an order notifying Plaintiff his complaint was subject to summary dismissal because he failed to allege sufficient factual allegations to state a claim. ECF No. 16. The order further advised Plaintiff he had until May 10, 2026, to file an amended complaint or otherwise cure the identified deficiencies in his pleadings. *Id*. Plaintiff filed an Amended Complaint on May 11, 2026. ECF No. 19.

Plaintiff alleges he was identified as a suspect during an investigation of a hit and run and a failure to stop for a blue light by Officer Orr and other Estill police officers. ECF No. 19 at 7. Plaintiff states from his initial encounter with Officer Orr he proclaimed his innocence and requested an opportunity to prove a case of mistaken identity. *Id*. Plaintiff claims Officer Orr and

other Estill police officers, under the direction of Chief Solomon, refused to comply with Plaintiff's request and immediately arrested Plaintiff and towed the vehicle in question. *Id*. Plaintiff alleges the hit and run and failure to stop allegedly took place at 12:46 a.m., and Officer Orr did not arrive at Plaintiff's residence, which was less than a mile from the scene, until 4:12 a.m.. *Id*. Plaintiff claims the vehicle in question, that was registered to Victoria Folk, was inspected and then released. *Id*. Plaintiff states the charges were ultimately dropped. *Id*.

II. Discussion

A. Standard of Review

Plaintiff filed this Amended Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should

do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

Plaintiff asserts claims related to a November 23, 2024 arrest. ECF No. 19. Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. The undersigned finds Plaintiff has failed to allege sufficient facts in his Amended Complaint to state a claim against Defendants.

Plaintiff acknowledges his November 2024 arrest occurred pursuant to an arrest warrant.[1] To state a valid claim for false arrest, Plaintiff must show that an arrest was made without a valid arrest warrant. *See Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) (explaining that a claim for false arrest may be considered only when there is not a valid arrest warrant); *Brooks v. City of Winston–Salem*, 85 F.3d 178 (4th Cir. 1996). "An arrest warrant is invalid only if the officer preparing the affidavit included a false statement with reckless disregard for its truth and, after that statement is redacted, 'the affidavit's remaining content is insufficient to establish probable cause.'" *Cahaly v. Larosa*, 796 F.3d 399, 408 (4th Cir. 2015) (quoting *Franks v. Delaware*, 438 U.S. 154, 156 (1978)).

Plaintiff challenges the officers' investigation of the hit and run and failure to stop for a

[1] *See* ECF No. 15.

blue light charges by arguing the vehicle was not registered to Plaintiff, that officers did not comply with Plaintiff's request to prove a case of mistaken identity, and the officers arrived at his home approximately 3.5 hours after the incident. ECF No. 19 at 7. Plaintiff also argues the "mere resemblance of a vehicle in connection with a crime is not sufficient evidence of probable cause." *Id.* Plaintiff, however, does not allege Defendants made false statements or omitted material facts in their warrant application and therefore his challenge to the sufficiency of the evidence supporting his arrest is insufficient to show his arrest was invalid. Because Plaintiff has not provided sufficient information to challenge the lawfulness of his arrest, Plaintiff's false imprisonment claim is also subject to summary dismissal. *See Jones v. City of Columbia*, 389 S.E.2d 662 (1990) (explaining an action for false imprisonment cannot be maintained where one is arrested by lawful authority).

Plaintiff also claims his due process rights were violated by the alleged illegal arrest. The Supreme Court has held that claims of false arrest or wrongful imprisonment should be brought under the Fourth Amendment noting the due process clause cannot afford a plaintiff any relief. *See Safar v. Tingle*, 859 F.3d 241, 245 (4th Cir. 2017) ("[W]e are mindful of the Supreme Court's injunction that the Due Process Clause is not the proper lens through which to evaluate law enforcement's pretrial missteps . . .. The Fourth Amendment, then, is the only actionable ground for relief.")). Accordingly, Plaintiff's claim for violation of his due process rights under the Fifth and Fourteenth Amendment should be summarily dismissed.

## III. Conclusion and Recommendation

By order issued on April 24, 2026, the undersigned provided Plaintiff an opportunity to correct the defects identified in his Complaint and further warned Plaintiff that if he failed to timely file an amended complaint or failed to cure the identified deficiencies, the undersigned would

recommend to the district court that the action be dismissed without leave for further amendment. As discussed herein, Plaintiff's Amended Complaint fails to correct the deficiencies, and like the original complaint, fails to state a claim upon which relief can be granted. The undersigned recommends the court dismiss the Amended Complaint without prejudice and without issuance and service of process.

IT IS SO ORDERED.

October 19, 2026
Florence, South Carolina

Kaymani D. West
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).