IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Victor Folk,<br><br>Plaintiff,<br><br>v.<br><br>Quintia Orr; Chancey Soloman; and Estill Police Department,<br><br>Defendants. | Civil Action No. 9:26-cv-958-BHH<br><br>**ORDER** |

This matter is before the Court upon Plaintiff Victor Folk's ("Plaintiff") *pro se* complaint. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On April 24, 2026, the Magistrate Judge issued an order notifying Plaintiff that his complaint was subject to dismissal because he failed to allege sufficient factual allegations to state a claim for relief. (ECF No. 16.) The order granting Plaintiff additional time to file an amended compliant or otherwise cure the complaint's deficiencies. Plaintiff filed an amended complaint on May 11, 2026. (ECF No. 19.)

After reviewing Plaintiff's amended complaint, however, the Magistrate Judge filed a report and recommendation ("Report"), outlining the amended complaint and finding that Plaintiff failed to allege sufficient facts to state a claim against Defendants. (ECF No. 23.) Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections have bene filed, the Court has reviewed the record and the findings of the Magistrate Judge for clear error. After review, the Court finds no clear error and fully agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 23), and the Court dismisses this action because Plaintiff's amended complaint fails to cure the deficiencies outlined by the Magistrate Judge previously and fails to state a claim against Defendants upon which relief can be granted. Accordingly, the Court dismisses the amended complaint without prejudice and without issuance and service of process.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

November 18, 2026
Charleston, South Carolina